UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:15-cv-00048

JESSICA ZOLNER                                                                                          PLAINTIFF

v.

U.S. BANK NATIONAL ASSOCIATION                                                       DEFENDANTS
A/K/A U.S. BANK
A/K/A ULTON PROCESSING SERVICES, INC.
and
HARTFORD-COMPREHENSIVE EMPLOYEE
BENEFIT SERVICE COMPANY
A/K/A THE HARTFORD

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Hartford-Comprehensive Employee Benefit Service Company's Partial Motion to Dismiss Counts Two and Three [DN 31]. Fully briefed, this matter is ripe for decision. For the following reasons, the Partial Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

Plaintiff, Jessica Zolner, "began her employment with Defendant U.S. Bank in Henderson, Kentucky in December 2012." (Pl.'s Second Am. Compl. [DN 28] ¶ 9.) Defendant U.S. Bank provided Plaintiff with employee benefits, including disability benefits, and Defendant Hartford-Comprehensive Employee Benefit Service Company (hereinafter "Hartford") "assisted in management of these benefits and in administration of U.S. Bank's Family and Medical Leave Act" leave for employees. (Id. ¶ 10.)

Around January 2014, Plaintiff alleges that she began experiencing health issues that caused her to be "exhausted" and to "experienc[e] extreme pain." (Id. ¶¶ 13, 15.) Plaintiff states that she suffers from multiple sclerosis, depression, carpel tunnel, and bipolar disorder, which

cause "her trouble with or the inability to do tasks including caring for herself, performing manual tasks, walking, standing, lifting, bending, learning, concentrating, thinking, communicating, and working." (Id. ¶ 16.) "In or before January 2014," Plaintiff requested FMLA leave and disability benefits from "defendants." (Id. ¶¶ 18, 19.) Plaintiff states that she was then approved on January 18, 2014 for FMLA leave through June 18, 2014. (Id. ¶¶ 21, 22.) When communicating with both Defendants after January 18, 2014, she asserts that she was told that she "need not communicate her absences . . . because she was approved for continuous FMLA leave through June 2014." (Id. ¶ 21.) Plaintiff allegedly received two letters from Hartford informing her of her approved FMLA leave, one received on February 24, 2014, approving leave between February 15, 2014 and June 18, 2014, and one received on March 31, 2014, approving leave between March 2, 2014 and June 18, 2014. (Id. ¶¶ 23, 24.)

However, on April 14, 2014 Plaintiff received a letter from U.S. Bank informing her that she had been terminated due to the fact that she had not communicated her absences to U.S. Bank. (Id. ¶ 25.) Plaintiff contends that her termination was caused by her taking FMLA leave and because of her disabilities. (Id. ¶ 26.) She asserts that she experienced harassment by fellow U.S. Bank co-workers and was met with agitation, annoyance, and inconvenience due to her taking "intermittent FMLA" leave. (Id. ¶ 27–29.) Later, she alleges Defendants refused to provide her with her requested medical records and FMLA certifications, and Defendants denied her disability benefits. (Id. ¶¶ 31, 32.)

Plaintiff then "filed a disability discrimination charge with the Equal Employment Opportunity Commission" (hereinafter "EEOC"), and she "received a 'right-to-sue' letter dated November 20, 2014." (Def.'s Mem. Supp. Partial Mtn. Dismiss [DN 31-1] at 4.) Subsequently, Plaintiff filed her original Complaint on April 2, 2015, which contained three claims: one for

denial of disability benefits under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), one for disability discrimination under the Americans with Disabilities Amendments Act (hereinafter "ADA"), and one for Family Medical Leave Act (hereinafter "FMLA") interference and retaliation. (Pl.'s Compl. [DN 1] ¶¶ 35–60.) On July 30, Defendant Hartford filed a Motion to Dismiss Counts Two and Three of Plaintiff's Complaint. (Def.'s Mtn. Dismiss [DN 19].) On August 8, 2015, Plaintiff then amended her Complaint, adding an alleged violation of the Kentucky Civil Rights Act (hereinafter "KCRA") to her discrimination claim. (Pl.'s Am. Compl. [DN 24] ¶ 45.) On August 12, 2015, Plaintiff amended her complaint once more, dropping her claim under the ADA and pursuing her disability claim only under the KCRA. (Pl.'s Second Am. Compl. [DN 28] ¶¶ 44–48.) Plaintiff then filed her Response to Hartford's Motion to Dismiss on August 24, 2015, in which she requested leave to amend her Complaint once more if the Court did not rule in her favor. (Pl.'s Resp. [DN 30] at 4.) On August 26, 2015, Defendant Hartford then filed this Partial Motion to Dismiss Counts Two and Three of Plaintiff's Second Amended Complaint. (Def.'s Partial Mtn. Dismiss [DN 31].) Plaintiff failed to respond to this Motion. Because the Partial Motion to Dismiss at issue here addresses the most recent version of the Complaint and noting no opposition from Plaintiff, the Court will only rule on the instant motion, as the earlier is now rendered moot.

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the

plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 679. Instead, "a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" Id. at 663 (quoting Fed. R. Civ. P. 8(a)(2)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

Defendant Hartford moves this Court to Dismiss Count Two and Three of Plaintiff's Second Amended Complaint regarding disability discrimination under the KCRA and FMLA interference and retaliation. (Def.'s Mem. Supp. Partial Mtn. Dismiss. [DN 31-1] at 6–15.) Hartford argues that Plaintiff has failed to state a claim for which relief can be granted for either count because none of the purported acts of disability discrimination involve Hartford and because Hartford was not Plaintiff's employer under the KCRA or the FMLA. (Id.) The Court agrees, and will address these counts in turn.

#### A. Count Two: Disability Discrimination under the KCRA

Under the KCRA, "[i]t is an unlawful practice for an employer . . . to discharge any individual, or otherwise to discriminate against an individual . . . because the person is a qualified individual with a disability." KRS § 344.040(1)(a). "Because the language of the

4

KCRA mirrors that of its federal counterpart, courts interpret the KCRA consistently with federal anti-discrimination law." Brown v. Humana Ins. Co., 942 F. Supp. 2d 723, 730 (W.D. Ky. 2013) (citing Brohm v. JH Props., Inc., 149 F.3d 517, 520 (6th Cir. 1998); Howard Baer, Inc. v. Schave, 127 S.W.3d 589, 592 (Ky. 2003)). Consequently, the Court will analyze this disability discrimination claim under the framework provided by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Id.

In order to hold a defendant liable under the ADA or the KCRA, a plaintiff must show that the defendant was his or her "employer" within the meaning of those statutes, Swallows v. Barnes & Noble Book Stores, Inc., 128 F.3d 990, 992–93 (6th Cir. 1997); see Bracken v. DASCO Home Med. Equip., Inc., 954 F. Supp. 2d 686, 697–98 (S.D. Ohio 2013), as KRS § 344.040 specifically "prohibits discrimination by employers," Spivey v. B.F. Goodrich Co., 246 F. Supp. 2d 714, 718 (W.D. Ky. 2003). Typically, a direct employment relationship provides the basis for liability under the ADA; however, "courts have fashioned various doctrines by which a defendant that does not directly employ a plaintiff may still be considered an 'employer' under those statutes." Swallows, 128 F.3d at 993. These theories examine whether the two entities are so interrelated that they may be considered a "single employer" or an "integrated enterprise," "whether one defendant has control over another company's employees sufficient to show that the two companies [act] as a 'joint employer,'" or "whether the person or entity that took the allegedly illegal employment action was acting as the agent of another company, which may then be held liable as the [plaintiff's] employer." Id. (citing Deal v. State Farm County Mut. Ins. Co. of Texas, 5 F.3d 117 (5th Cir. 1993); Rivas v. Federacion de Asociaciones Pecuarias de Puerto Rico, 929 F.2d 814 (1st Cir. 1991); Carrier Corp. v. NLRB, 768 F.2d 778 (6th Cir. 1985); York

v. Tennessee Crushed Stone Ass'n, 684 F.2d 360 (6th Cir. 1982); Fike v. Gold Kist, Inc., 514 F.Supp. 722 (N.D. Ala.), aff'd, 664 F.2d 295 (11th Cir. 1981)); see Bracken, 954 F. Supp. at 698.

Here, Plaintiff claims that she "was discriminated against and wrongfully terminated because of her disabilities," and because of this, Hartford violated the KCRA. (Pl.'s Second Am. Compl. [DN 28] ¶ 46.) Plaintiff does not allege that she was, at any time relevant, employed by Hartford. Instead, she averred in her Second Amended Complaint that she "began her employment with U.S. Bank in Henderson, Kentucky in December 2012" and "was qualified for her position as a teller with U.S. Bank." (Id. ¶¶ 9, 17.) Further, she "had benefits covered by ERISA through her employment with U.S. Bank," she began experiencing extreme pain in January 2014, "which prohibited her from working at her job at U.S. Bank," she discussed her condition with other U.S. Bank employees, and she was terminated by U.S. Bank on April 4, 2014. (Id. ¶¶ 10, 20, 25, 27–30.) Plaintiff never alleged that Hartford was her employer; in all three Complaints, she only claimed that she was employed by U.S. Bank and was subsequently terminated by U.S. Bank. Additionally, she failed to plead facts to support any of the above three theories in order to allow the Court to construe Hartford as her employer. With only the limited facts provided, it is clear that Plaintiff was not an employee of Hartford's; therefore, Plaintiff has not stated a claim for which relief can be granted under the KCRA.

Hartford additionally argues that "in addition to a failure to allege the requisite employment relationship, none of the discriminatory conduct alleged in the Second Amended Complaint is directed to [Hartford]." (Def.'s Mem. Supp. Mtn. Dismiss. [DN 31-1] at 8.) And, Hartford alleges that the disability discrimination claim under the KCRA is preempted by ERISA because it deals with a wrongful denial of benefits. (Id. at 9.) Plaintiff has not responded to these arguments, as she did not file a Response to Hartford's Partial Motion to Dismiss.

Regardless, Plaintiff has failed to state a claim under the KCRA for disability discrimination because Hartford was not her employer, as is required under KRS § 344.040. Spivey, 46 F. Supp. 2d at 718. Therefore, while Defendant's alternative arguments potentially have merit, they need not be addressed here. Accordingly, Plaintiff's second count for disability discrimination against Hartford must be dismissed.

### B. Count Three: FMLA Retaliation and Interference

Generally, "there are 'two distinct theories for recovery under the FMLA: (1) the 'entitlement' or 'interference' theory arising from 29 U.S.C. § 2615(a)(1); and (2) the 'retaliation' or 'discrimination' theory arising from 29 U.S.C. § 2615(a)(2).'" Hampton v. Nat'l Am. Red Cross, 3 F. Supp. 3d 612, 615 (W.D. Ky. 2014) (citing Killian v. Yorozu Auto. Tenn., Inc., 454 F.3d 549, 555 (6th Cir. 2006); Hoge v. Honda of Am. Mfg., Inc., 384 F.3d 238, 244 (6th Cir. 2004)). Under the first theory, it is "unlawful for any *employer* to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1) (emphasis added). Under the second, it is "unlawful for any *employer* to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." Id. § 2615(a)(2) (emphasis added). As the FMLA makes clear, it is prohibited for an *employer* to take aforementioned actions against an *employee*. Therefore, in order to be liable under the FMLA, a plaintiff must show that the defendant was his or her employer within the meaning of the statute. Brock v. Marymount Med. Ctr., Inc., No. CIVA 6:06-CV-285 DCR, 2007 WL 196895, at *8 (E.D. Ky. Jan. 23, 2007); see Alexander v. Diamond Healthcare Corp., No. 5:12-CV-32, 2012 WL 4049471, at *2 (W.D. Ky. Sept. 13, 2012) (finding that a plaintiff must plead facts to plausibly show that defendant is employer under the FMLA in order to survive a motion to dismiss).

"Normally the legal entity which employs the employee is the employer under FMLA." 29 C.F.R. § 825.104(c). However, much like under the ADA and KCRA, "[w]here two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA." 29 C.F.R. § 825.106(a). The Code of Federal Regulations sets forth a standard to determine if two entities comprise one employer:

> Joint employers may be separate and distinct entities with separate owners, managers, and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
> (1) Where there is an arrangement between employers to share an employee's services or to interchange employees;
> (2) Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,
> (3) Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 825.106(a)(1)–(3).

In Plaintiff's Response, she argues that Hartford "should be considered an employer for purposes of FMLA violations because it specifically administered [Plaintiff's] FMLA policy and controlled her leave status." (Pl.'s Resp. [DN 30] at 4.) Plaintiff offers no other support for this statement. Because she uses the words "an employer" instead of "her employer," the Court interprets this as Plaintiff contending that both Hartford and U.S. Bank were somehow joint employers instead of Hartford being her sole employer. However, Plaintiff does not set forth facts in order to show that she was employed by Hartford or that based on Defendants' relationship, they operated as joint employers as set forth under 29 C.F.R. § 825.106(a). Overall, Plaintiff's lack of factual pleadings to support her bare one-sentence contention renders

it conclusory and wholly insufficient to prove that Hartford was Plaintiff's employer under the FMLA.

Additionally, many federal courts have dismissed third-party administrators, such as Hartford, when plaintiffs have failed to allege facts sufficient to show that the administrator was an employer within the FMLA's meaning. Campbell v. Jefferson Univ. Physicians, 22 F. Supp. 3d 478, 479 n.1 (E.D. Pa. 2014); Marshall v. Whirlpool Corp., No. 07-CV-534-JHP-TLW, 2010 WL 348344, at *6 (N.D. Okla. Jan. 26, 2010) ("As a third party administrator, UniCare's role is to make benefit determinations and act as a disbursing agent for the payment of disability benefits, not to make employment related decisions. Therefore, UniCare is not a proper party under the FMLA."); Mugno v. Societe Internationale de Telecommunications Aeronautiques, Ltd., No. 05–cv–2037, 2007 WL 316572, at *8 (E.D.N.Y. Jan.30, 2007) (finding the plaintiff was not an employee of third-party administrator defendant Hartford because the complaint did not allege facts to support her status as an "eligible employee" under the FMLA). In order for a third-party plan administrator to be considered an employer, a plaintiff must allege that "the entity 'possessed the power to control the worker in question,'" as in it "had some direct power over her employment" and the power "to make termination decisions." Jensen v. AT&T Corp., No. 4:06-CV-842 (CEJ), 2007 WL 3376893 (E.D. Mo. Nov. 13, 2007) (quoting Astudillo v. U.S. News & World Report, No. 02-Civ-7902 WHP, 2004 WL 2075179, at *3 (S.D.N.Y. Sept.17, 2004)) (citing Zheng v. Liberty Apparel Co., Inc., 355 F.3d 61, 66–68, 72 (2nd Cir. 2003)). But, courts have consistently found that third-party administrators do not exercise sufficient control over employees of the company for which it administers benefits to be considered employers under the FMLA. Id.; Shoemaker v. Conagra Foods, Inc., No. 2:14-CV-153, 2015 WL 418271, at *5 (E.D. Tenn. Feb. 2, 2015) (finding no evidence either asserted in or based on facts from the

9

complaint, based on a totality of the circumstances, that both the plaintiff's employer and third-party administrator maintained control over the employee); Murray v. Nationwide Better Health, No. 10–3262, 2014 WL 53255, at *7 (C.D. Ill. Jan.7, 2014) (finding no evidence that third party administrator exercised control over the working conditions of AT&T employees and was not a joint employer); Baer v. Masonite Corp., No. 3:11CV124, 2011 WL 3806279, at *4 (N.D. Ind. Aug. 29, 2011) ("[A] benefits administrator's mere tangential involvement with the termination decision is not sufficient as a matter of law to establish a joint employer relationship.").

Based on the consistent and persuasive precedent from other federal jurisdictions, and from the facts presented here, it is clear that Plaintiff has failed show that Hartford was her employer or a joint employer with U.S. Bank.  Therefore, Plaintiff's second count for FMLA interference and retaliation against Defendant Hartford must be dismissed.

### C. Plaintiff's Request for Leave to Amend Complaint

Finally, in her Response to Defendant's first Motion to Dismiss [DN 18], Plaintiff requests in the alternative that if the Court finds that Plaintiff was not an employee of Defendant's under the FMLA, then Plaintiff should be granted leave to amend her Second Amended Complaint to include a theory of tort liability. (Pl.'s Resp. [DN 30] at 4.)  The Court does not consider this request an appropriate motion to amend.  If Plaintiff wants the Court to consider such a request, she should submit a properly supported motion, with a copy of her amended complaint attached, no later than fifteen (15) days from the entry of this Memorandum Opinion and Order.  Thereafter, Defendants may file their responses, and the Court will address the merits of Plaintiff's motion.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Hartford's Partial Motion to Dismiss Counts Two and Three [DN 31] is **GRANTED**. **IT IS FURTHER ORDERED** that Defendant Hartford's earlier Motion to Dismiss [DN 18] based on the original Complaint is **DENIED AS MOOT**. Additionally, if Plaintiff wants the Court to entertain a motion to amend, **IT IS HEREBY ORDERED** that she shall submit her motion and amended complaint no later than fifteen (15) days from the entry of this Memorandum Opinion and Order.

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

December 1, 2015

cc: counsel of record